UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WALTER E. JOHNSON, JR. (#104558) | CIVIL ACTION |
| VERSUS | NO.: 98-00806-BAJ-SCR<br>LEAD CASE |
| BURL CAIN, ET AL. | C/W 13-cv-00749-BAJ-SCR |

## RULING AND ORDER

Before the Court is the **Amended and Supplemental Motion R. 60(b)(6) and Under R.60(d)(3) [sic] (Doc. 50)** filed by *pro se* Petitioner Walter E. Johnson, Jr., moving for the Court to reopen his case "and set the matter for hearings to determine the extent of the prosecutorial misconduct and its fraud on the Court." (*Id.* at p. 50). For reasons explained herein, Petitioner's motion is **DENIED**.

## I. PROCEDURAL BACKGROUND

On September 2, 2014, this Court issued a Ruling and Order which denied Petitioner's motion to reopen the instant matter concerning his § 2254 habeas petition, which was dismissed with prejudice by this Court in December 1998. (*See* Docs. 43, 41, 15). After being granted leave to file a late notice of appeal, Petitioner appealed the September 2nd ruling to the U.S. Court of Appeals for the Fifth Circuit on January 14, 2015. (Doc. 49). On July 7, 2015, while the appeal was still pending, Petitioner filed the instant motion seeking relief from the Court's

1

September 2nd ruling pursuant to Federal Rules of Civil Procedure ("Rules") 60(b)(6) and 60(d)(3).[1]

## II. DISCUSSION

At the outset, the Court emphasizes that, as a general rule, the filing of a notice of appeal divests the district court of jurisdiction over aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 56 (1982). Within the Fifth Circuit, a limited exception to that rule lies in Rule 60(b) motions. "When a Rule 60(b) motion is filed while an appeal is pending, this circuit . . . has expressly recognized the power of the district court to consider on the merits and deny a 60(b) motion filed after a notice of appeal, because the district court's action is in furtherance of the appeal." *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984), *on reh'g*, 784 F.2d 706 (5th Cir. 1986). Petitioner filed his instant motions under Rules 60(b)(6) and 60(d)(3) while appeal was still pending. A legal basis exists by which to consider his Rule 60(b)(6) motion. However, Petitioner's notice of appeal divested this Court of jurisdiction to consider his Rule 60(d)(3) motion, and the Fifth Circuit's subsequent ruling did not re-impart such jurisdiction on this Court. Accordingly, the Court may only consider Petitioner's Rule 60(b)(6) motion.

---

[1] Since Petitioner's filing of the instant motion, the Fifth Circuit issued a ruling and mandate for Petitioner's appeal, which denied his motion for a certificate of appealability and denied his motion for appointment of counsel. (Doc. 51). The Fifth Circuit further imposed a $100 sanction for Petitioner's failure to heed prior warnings against filing frivolous or repetitive filings *and* barred Petitioner from filing any pleading challenging his 1983 conviction for aggravated rape *in any court* until the sanction is paid in full, unless first obtaining leave of court. (*Id.* at p. 3).

2

Rule 60(b) provides that a district court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including fraud, mistake, or newly discovered evidence. Fed. R. Civ. P. 60(b). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). It is important to establish that Rule 60(b) "does not provide for relief from a judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999). "[A] Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A movant seeking relief under Rule 60(b)(6) in particular[2] is required to show "extraordinary circumstances" justifying the reopening of a final judgment. *Id.* at 535.

In the instant motion, Petitioner does not identify a legitimate ground on which he pursues Rule 60(b) relief. Petitioner disputes the finality of his state court judgment and moves for a reopening of his case "for a proper determination of finality." (Doc. 50 at p. 5). Petitioner has not articulated any extraordinary circumstances that go towards establishing a defect in the integrity of the federal habeas proceedings, even when the Court construes Petitioner's instant motion under the more relaxed standards afforded to *pro se* filings. *See Haines v. Kerner*,

---

[2] Rule 60(b)(6) provides that a court may relieve a party of a final judgment for "any other reason that justifies relief" apart from specific reasons set forth in Rules 60(b)(1)–(5).

404 U.S. 519, 520 (1972) (per curiam) (*pro se* complaints "[held] to less stringent standards than formal pleadings drafted by lawyers").

III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Amended and Supplemental Motion R. 60(b)(6) and Under R.60(d)(3)** [sic] **(Doc. 50)** filed by Petitioner Walter E. Johnson, Jr. is **DENIED**.

Baton Rouge, Louisiana, this 4th day of September, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA